UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JULIE F., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:20-cv-811-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | ORDER ON §406(b) MOTION |
| | § | FOR ATTORNEY'S FEES |
| Defendant. | § | |

## INTRODUCTION

Pending before the Court is a motion for attorney's fees pursuant to 42 U.S.C. §406(b) in the amount of $ 12,152.50, filed on January 23, 2022, by Sarah A. Frederick, attorney for Plaintiff Julie F. ("Plaintiff"). *See* ECF No. 22. The Commissioner filed a brief in response. *See* ECF No. 34. The Commissioner does not oppose Plaintiff's motion but defers to the Court to determine the reasonableness of the requested fee. *See id*.

## PROCEDURAL BACKGROUND

On December 22, 2021, this Court remanded Plaintiff's case to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § U.S.C. 405(g).[1] *See* ECF No. 29. On March 24, 2022, the Appeals Council vacated the September 5, 2019 agency decision and remanded Plaintiff's claim for further proceedings, including a new hearing, after which Plaintiff received a fully favorable decision. *See* ECF No. 32-3. Thereafter, on January 4, 2023, the Social Security Administration ("SSA") issued a Notice of Award. *See* ECF No. 32-4. Plaintiff was awarded $48,610.00 in Title II past-due benefits, from which $12,152.50 was withheld to pay the approved representative's fee. *See id*.

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), and the parties stipulated to an EAJA fee of $7,697.00, which was granted by

---

[1] The parties consented to proceed before the undersigned, in accordance with a standing order. *See* ECF No. 28.

Stipulation and Order dated January 18, 2022. *See* ECF No. 31. Plaintiff's attorney stipulates that upon receipt of the requested 406(b) fee in the amount of $12,152.50, she will refund to Plaintiff the $7,697.00 previously received in EAJA fees. *See* ECF No. 32-1 at 4.

## STATUTORY BACKGROUND

42 U.S.C. § 406(b) authorizes a court to award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir.1990). "[B]ecause a successful social security claimant evaluates and pays [her] own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Prior to *Gisbrecht*, there was a split among the circuits as to the method to be used to calculate attorney fees under 42 U.S.C.§406(b). Some circuits used the "lodestar method,"[2] while others, including the Second Circuit, gave effect to an attorney-client contingent fee agreement if the resulting fee was reasonable, sometimes called the "contingent-fee method." *Gisbrecht*, 535 U.S. at 800; *Wells*, 907 F.2d 367. The *Gisbrecht* court resolved in favor of the latter approach giving "primacy" to "lawful attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793.

Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is

---

[2] The traditional lodestar method emphasizes the calculation of a reasonable rate of compensation for the number of hours reasonably worked. *See Wells v. Sullivan*, 907 F.2d 367, 371 *(2d Cir. 1990)* (internal citations omitted); *see also Blum v. Stenson*, 465 U.S. 886, 898 (1984); *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir.1989).

reasonable for the services rendered." *Id*. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792–93.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).

## <u>DISCUSSION</u>

In determining a reasonable fee, a court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Gisbrecht*, 535 U.S. at 808; *Wells*, 907 F.2d at 371 ("the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client."). However, "[i]f benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Wells*, 907 F.2d at 371 (citations omitted).

The court also considers whether the requested fee is out of line with the character of the representation and the results the representative achieved and whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee. *Trupia v. Astrue*, No. 05-6085, 2008 WL 858994, at *2 (N.D.N.Y. Mar. 27, 2008) (citing *Wells*, 907 F.2d at 372). If the court finds that the contingency fee agreement produces an

unreasonable fee, the court may reduce the fee provided it states the reasons for and the amount of the deductions. *Id*.

With respect to timeliness, Plaintiff's counsel filed the Section 406(b) Motion on January 21, 2023, seventeen days after the June 6, 2022 Notice of Award letter. *See* ECF No. 32. The fourteen-day filing period for an application for attorney's fees (plus a three-day mailing period)[3] provided in Federal Rule of Civil Procedure 54(d)(2)(B) is applicable to Section 406(b) petitions. *See Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019); *see also* Local Rule 5.5(g)(1). Therefore, Plaintiff's counsel's Section 406(b) motion was timely filed.

As noted above, Plaintiff's counsel requests $12,152.50 under Section 406(b). *See* ECF No. 32-1. The Court has considered the deference that is owed to agreements between an attorney and client; the interest in assuring future representation for disability claimants; and the lack of any factor indicating that the requested award would result in a windfall, and notes that the amount sought does not exceed the statutory 25% cap, or the amount to which counsel is entitled under Plaintiff's fee agreement (ECF No. 32-2). *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 802.

Plaintiff's counsel expended a total of 35.8 hours of services at the district court level. *See* ECF No. 32-5. Thus, Plaintiff's counsel's Section 406(b) fee request amounts to an approximate *de facto* hourly rate of $339.45 ($12,152.50 divided by 35.8 hours).[4] The Court finds that the amount of the requested fee is reasonable in light of the character of the representation, Plaintiff's counsel's expertise, the results that were achieved, and the absence of any delay in the proceedings

---

[3] Under the Federal Rules of Civil Procedure, a document is deemed received three days after mailing. Fed.R.Civ.P. 6(d).
[4] Although the lodestar method is not used in calculating fees under Section 406(b), in determining whether a fee request is reasonable, district courts generally look, at least initially, to the number of hours the attorney spent litigating the case, and then the hourly rate obtained by dividing the requested award by the time spent on the case. *See, e.g., Gisbrecht*, 535 U.S. at 808; *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323-25 (S.D.N.Y. 2007); *George v. Astrue*, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009).

by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y. 2005). Additionally, the Court has reviewed the time records submitted by Plaintiff's counsel (ECF No. 22-9) and finds no evidence of delay or duplication of effort.

Upon consideration, the Court finds that the fee sought in this case is well within the range of awards approved in recent similar cases. *See, e.g., Sims v. Commissioner of Social Security*, 2020 WL 812923 (W.D.N.Y. February 19, 2020) (approving $980.87 per hour); *Salone v. Commissioner of Social Security*, 2020 WL 1677374 (W.D.N.Y. April 6, 2020) (approving $956.25 per hour); *Abbruscato v. Colvin*, 2020 WL 812922 (W.D.N.Y., February 19, 2020) (approving $855.28 per hour); *Blizzard v. Astrue*, 496 F.Supp.2d 320 (E.D.N.Y.2007) (approving $705.00 per hour); *Joslyn v. Barnhart*, 389 F.2d 454, (W.D.N.Y.2005) (approving $861.61 per hour). Additionally, there is no evidence of fraud or overreaching.

The Court further finds that the requested fee is reasonable given that Plaintiff recouped $48,610.00 in past-due benefits. Clearly, Plaintiff's counsel's efforts, including the filing of this action, were instrumental in the award of benefits ultimately obtained. It appears that counsel devoted considerable time and careful attention to Plaintiff's case, as demonstrated by the hours expended. *See Gisbrecht*, 535 U.S. at 807. Thus, the Court finds that Plaintiff's counsel provided effective and efficient representation, Finally, the requested fee of $12,152.50 is reasonable because it reflects the contingent nature of the recovery, as well as "the extremely long odds" and "significant risk of loss" inherent in Social Security appeals.[5] *See Gisbrecht*, 535 U.S. at 810 (explaining contingent nature of a 406(b) fee).

---

[5] The Court takes judicial notice of SSA data showing that only 49.63% of Social Security disability court cases were remanded in Fiscal Year 2020. *See* https://www.ssa.gov/appeals/DataSets/AC05_Court_Remands_NCC_Filed.html (last visited Feb. 8, 2023).

After conducting an "independent check," the Court finds that Plaintiff's counsel has shown that the requested fee of $12,152.50 pursuant to 42 U.S.C.§406(b) is reasonable. Pursuant to the 1985 Amendments to the EAJA, where counsel receives fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must return the smaller of the two fees to Plaintiff. Pub. L. 99-80, Sec. 3, 99 Stat. 183 (1985). *See Gisbrecht*, 535 U.S. at 796 (Counsel must refund plaintiff the lesser of the two fees received).

Accordingly, the Court finds that Plaintiff's motion for attorney's fees in the amount of $12,152.50 (*see* ECF No. 32), pursuant to 42 U.S.C. §406(b) is **GRANTED**, and upon receipt of that sum, Plaintiff's counsel must refund the sum of $7,697.00 to Plaintiff.

**IT IS SO ORDERED**.


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE